IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BUFFALO MARINE SERVICE, INC. | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | FRCP 9(h) - ADMIRALTY |
| TRAFIGURA AG d/b/a TRAFIGURA | § | |
| AG INC., KMTEX, LTD. and | § | |
| VERTEX ENERGY, INC. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BUFFALO MARINE SERVICE, INC. (individually and/or as assignee),

Plaintiff herein, complaining of TRAFIGURA AG d/b/a TRAFIGURA AG INC., KMTEX, LTD.

and VERTEX ENERGY, INC., Defendants herein, and pursuant to 28 U.S.C. § 1333, F.R.C.P. 9(h)

and others of the Federal Rules of Civil Procedure, alleges upon information and belief as follows:

**I.**
**JURISDICTION**

1.      This Honorable Court has jurisdiction of this case pursuant to 28 U.S.C. § 1333.  Moreover,

this is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h).

**II.**
**PARTIES**

2.      At all times material hereto:

(a)      Plaintiff, BUFFALO MARINE SERVICE, INC. ("BMS") was and now is a

corporation or other business entity duly organized and existing under and by virtue of the

laws of the State of Texas;

(b)	Defendant, TRAFIGURA AG d/b/a TRAFIGURA AG INC. ("TRAFIGURA") was and now is a corporation or other business entity duly organized and existing under and by virtue of the laws of the State of Connecticut.  TRAFIGURA maintains its principal place of business in the Southern District of Texas, doing business in this District and Division and the State of Texas for purposes for accumulating monetary profit and may be served with process through its registered agent, c/o National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062;

(c)	Defendant, KMTEX, LTD. ("KMTEX") was and now is a corporation or other business entity duly organized and existing under and by virtue of the laws of the State of Texas and was and now is the owner and/or operator of a marine storage facility located in Port Arthur, Texas ("KMTEX Terminal").  KMTEX maintains its principal place of business in the State of Texas for purposes of accumulating monetary profit and may be served with process through its registered agent, c/o Don Knight, 8100 Washington Avenue, Suite 1000, Houston, Texas 77007; and

(d)	Defendant, VERTEX ENERGY, INC. ("VERTEX") was and now is a corporation or other business entity duly organized and existing under and by virtue of the laws of the State of Delaware.  VERTEX maintains its principal place of business in the Southern District of Texas, doing business in this District and Division and in the State of Texas for purposes of accumulating monetary profit and may be served with process through its registered agent, c/o Dean Alcorn, 1331 Gemini, Suite 103, Houston, Texas 77058.

### III.
### BACKGROUND OF FACTS

3.	This is a maritime liquid cargo contamination case.

4.       At all times material hereto:

    (a.)      BMS was a transporter of marine liquid cargos including standard grade cutter stock ("cutters") and IFO 380 or similar grades of marine bunker fuel ("bunkers"); and

    (b.)      BMS was the owner and/or operator of assorted tank barges used to carry marine liquid cargos, including the T/B BUFFALO 101, the T/B BUFFALO 250, the T/B BUFFALO 251 and the T/B BUFFALO 300.

5.       Commencing on or about July, 2010 and continuing through approximately mid-February, 2011, BMS was periodically contracted by Defendant, TRAFIGURA to transport assorted cargoes of cutters onboard its tank barges from the KMTEX Terminal to designated discharge locations (the "TRAFIGURA Moves").

6.       During the same timeframe referenced above, following and/or between the TRAFIGURA Moves, BMS was contracted by a variety of other customers ("BMS Customers") to transport bunkers from designated loading facilities to designated discharge facilities and/or directly to designated oceangoing vessels.

7.       During and after the timeframe referenced above, BMS Customers and/or other downstream purchasers/users of the bunkers transported as referenced above allegedly experienced problems with the bunkers and have made claims that the bunkers delivered by BMS tested "positive" for contaminants (assorted polymers and related contaminants) which are foreign to standard grade composition of bunkers.  As a result, various BMS Customers and/or other downstream purchasers/users of the bunkers have made or are expected to make claims against BMS and/or its vessels for all damages, costs and expenses directly or indirectly related to the provision of these bunkers.

8.      The source of contamination of the involved BMS tank barges and of the otherwise clean

bunkers delivered by BMS to BMS Customers and/or other downstream purchasers/users of the

bunkers is contaminated cutters received from or through Defendants, TRAFIGURA, KMTEX

and/or VERTEX via the KMTEX Terminal.

9.      The source of all damages, costs and expenses incurred and/or expected to be incurred by

BMS (individually and/or as assignee) and/or by the BMS Customers and/or other downstream

purchasers/users of the bunkers is contaminated cutters received from or through Defendants,

TRAFIGURA, KMTEX and/or VERTEX via the KMTEX Terminal.

## IV.
## BREACH OF CONTRACT

10.     The allegations contained in Paragraphs 1 through 9 above are incorporated herein by

reference for all purposes.

11.     The provision of contaminated cutters by or through Defendant, TRAFIGURA to BMS for

transport on BMS tank barges (the "TRAFIGURA Moves") constitutes a breach of contract between

Defendant, TRAFIGURA to Plaintiff, BMS.

12.     Plaintiff, BMS seeks recovery (individually and/or as assignee) for all damages, costs and

expenses which have been or may be incurred as a direct or indirect result of these breaches.

## V.
## BREACH OF WARRANTY

13.     The allegations contained in Paragraphs 1 through 9 above are incorporated herein by

reference for all purposes.

14.     The provision of contaminated cutters by or through Defendants, TRAFIGURA, KMTEX

and/or VERTEX to BMS for transport on BMS tank barges (the "TRAFIGURA Moves") constitutes

a breach of express and/or implied warranties owed by Defendants, TRAFIGURA, KMTEX and/or VERTEX (jointly and/or severally) to Plaintiff, BMS.

15.     Plaintiff, BMS seeks recovery (individually and/or as assignee) for all damages, costs and expenses which have been or may be incurred as a direct or indirect result of these breaches.

## VI.
## NEGLIGENCE/GROSS NEGLIGENCE

16.     The allegations contained in Paragraphs 1 through 9 above are incorporated herein by reference for all purposes.

17.     The provision of contaminated cutters by or through Defendants, TRAFIGURA, KMTEX and/or VERTEX to BMS for transport onboard BMS tank barges (the "TRAFIGURA Moves") constitutes negligence and/or gross negligence which in each instance was a proximate cause of the contamination to otherwise clean bunkers and of all injuries and damages, costs and expenses sustained and/or to be sustained by BMS, BMS Customers and/or other downstream purchasers/users of the bunkers.  Defendants, TRAFIGURA, KMTEX and VERTEX are jointly and severally liable for these negligent and grossly negligent acts and/or omissions.

18.     Plaintiff, BMS seeks recovery (individually and/or as assignee) for all damages, costs and expenses which have been or may be incurred as a direct or indirect result of the negligence and/or gross negligence of Defendants, TRAFIGURA, KMTEX and VERTEX.

## VII.
## DAMAGES

19.     The allegations contained in Paragraphs 1 through 18 are incorporated herein by reference for all purposes.

20.      Plaintiff, BMS, the BMS Customers and/or other purchasers/users of the bunkers have

sustained and/or are expected to sustain a wide variety of actual damages, costs and expenses arising from and/or directly or indirectly connected to the contamination, incidents, matters and things described herein. These actual damages, costs and expenses include, but are by no means limited to, barge transportation expenses, engine and fuel system damage, tank and tank barge cleaning, debunkering expenses, bunker replacement, reconditioning and/or disposal expenses, diminution in market value of contaminated bunkers, survey and inspection fees, chemical analysis fees, demurrage, downtime, loss of use/revenue, port charges, fines and penalties, administrative overhead, expert fees and all other incidental and consequential damages, costs and expenses arising from or in any manner directly or indirectly connected with the contamination, incidents, matters and things described herein, all in an amount greatly in excess of the jurisdictional limits of the Honorable Court.

21.     Plaintiff, BMS is entitled to and seeks recovery of attorney's fees for breach of contract and/or breach of express and/or implied warranties by the Defendants.

22.     Plaintiff, BMS is entitled to and seeks recovery of punitive/exemplary damages for the grossly negligent conduct of one, more or all of the Defendants.

23.     Plaintiff, BMS seeks recovery of all actual and/or punitive/exemplary damages sustained, both individually and assignee of the rights of others to the fullest extent of its and/or their interests in relation to the contamination, incidents, matters and things described herein.

## VIII.
## GENERAL

24.     All conditions precedent to be performed by Plaintiff, BMS have been performed.

25.     All and singular, the premises are true and within admiralty and maritime jurisdiction of the United States and of this Honorable Court.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, BUFFALO MARINE SERVICE, INC. prays that Defendants, TRAFIGURA AG d/b/a TRAFIGURA AG INC., KMTEX, LTD. and VERTEX ENERGY, INC. be cited to appear and answer herein and that upon trial hereof, Plaintiff, BUFFALO MARINE SERVICE, INC. recover (individually and/or as assignee) from Defendants, TRAFIGURA AG d/b/a TRAFIGURA AG INC., KMTEX, LTD. and VERTEX ENERGY, INC. (jointly and severally) all actual and/or punitive/exemplary damages as aforesaid together with pre-judgment and post-judgment interest, attorney's fees, costs of court and other litigation-related expenses.  Further, Plaintiff, BUFFALO MARINE SERVICE, INC. prays for such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled to receive.

Respectfully submitted,

By:   /s/Ronald L. White
   Ronald L. White
   State Bar No. 21328300
   S.D. I.D. No. 234
   2200 West Loop South, Suite 1000
   Houston, TX  77027
   Telephone: 713/599-0211
OF COUNSEL:   Facsimile:  713/599-1355
WHITE MACKILLOP & GALLANT P.C.   Email:  rwhite@wmglegal.com

ATTORNEYS FOR PLAINTIFF,
BUFFALO MARINE SERVICE, INC.